NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA
CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>VIAN TRANSPORTATION, LLC, a Texas limited liability company; and PABLO VILLARREAL ANDRADE, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Vian Transportation LLC ("Vian Transportation") is, and at all times relevant to this action was, a Texas limited liability company with its principal place of business in the County of El Paso, State of Texas.

3. Defendant Pablo Villarreal Andrade ("Andrade") (collectively with Vian Transportation, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of El Paso, State of Texas, and was an officer, member, director, agent and/or owner of Defendant Vian Transportation. Based on information and belief, including the Driver's License submitted by Andrade to Balboa, Andrade is domiciled in El Paso, Texas.

4. Plaintiff is informed and believes, and thereon alleges, that defendant Vian Transportation has one member – defendant Andrade. Thus, Vian Transportation is a citizen of the State of Texas.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have

known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Vian Transportation is a citizen of the State of Texas; and Andrade is citizen of the State of Texas. As such, neither Vian Transportation nor Andrade is a citizen of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

COMPLAINT

11. All officers of Balboa, including all witnesses, and all documents of Balboa are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Vian Transportation)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to October 2022, Balboa is informed and believes that Vian Transportation initiated and engaged with The Truck Store, LLC, 11650 Gateway Blvd E # A, El Paso, Texas 79927 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Vian Transportation in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions. Upon review, Vian Transportation concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendant to finance the Collateral being supplied by the Equipment Vendor.

15. On or about October 11, 2022, Vian Transportation executed a certain written Equipment Financing Agreement No. 425881-000 (the "EFA"), under the terms of which Balboa loaned to Vian Transportation the sum of Ninety-Four Thousand Eight Hundred Seventy-Two Dollars and Twenty-Eight Cents ($94,872.28) in order to finance the Collateral for its business. The EFA required Vian Transportation to make sixty (60) monthly payments of $2,305.44, payable on

the 15th day of each month beginning December 15, 2022.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for March 15, 2024.  Therefore, on or about April 15, 2024, Vian Transportation breached the EFA by failing to make the monthly payment due on that date.  Defendant Vian Transportation's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of Vian Transportation's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $101,439.36.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Vian Transportation.

18. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Vian Transportation.

19. As a proximate result of Vian Transportation's breach of the EFA, Balboa has been damaged in the total sum of **$101,439.36**, plus prejudgment interest from April 15, 2024, until the entry of judgment herein.

20. Further, under the terms of the EFA, Vian Transportation promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Vian Transportation.

21. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

**(Breach of Personal Guaranty)**

**(Against Andrade)**

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Vian Transportation, Andrade guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Andrade (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Andrade.

25. Following a default of Vian Transportation under the terms of the EFA, Balboa demanded Andrade make the payments required under the EFA. Andrade failed to meet the Guaranty obligations and make the payments required under the EFA.

26. Pursuant to the terms of the Guaranty, the sum of $101,439.36, plus prejudgment interest from April 15, 2024, is due and payable to Balboa from Andrade. This Complaint, in addition to previous demands, shall constitute further demand upon Andrade to pay the entire indebtedness due and owing from Vian Transportation to Balboa under the terms of the EFA.

27. Under the terms of the Guaranty, Andrade promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Andrade.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum $101,439.36;
2. Prejudgment interest from April 15, 2024 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

DATED: June 20, 2024

SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Glenn Coffman
Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION