UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK,<br><br> Plaintiff,<br><br>v.<br><br>VIAN TRANSPORTATION, LLC et al.,<br><br> Defendants. | Case No. 8:24-cv-01354-SB-SSC<br><br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. NO. 19] |

 Plaintiff Ameris Bank brought this action against Defendants Vian Transportation, LLC and Pablo Villarreal Andrade, alleging that Vian Transportation breached an equipment financing agreement and that Andrade breached a personal guaranty. Defendants were both served on July 2, 2024, but failed to respond to the complaint. Dkt. Nos. 9, 10. The clerk entered default against Defendants on August 6. Dkt. No. 17. Plaintiff now moves for default judgment against both Defendants. Dkt. No. 19. The Court grants the motion.

I.

 In October 2022, in connection with the acquisition of trucking equipment from a third party, Vian Transportation entered into a financing agreement with Plaintiff. Dkt. No. 1 ¶ 15 (compl.); Dkt. No. 1-1 (agreement). Under the terms of the agreement, Plaintiff loaned Vian Transportation $94,872.28 to finance equipment for its business. Dkt. No. 1-1 at 2 of 8. The agreement obligated Vian Transportation to make 60 monthly payments of $2,305.44 to Plaintiff, payable on the fifteenth of each month, beginning on December 15, 2022. *Id.* Under the agreement, failure to make payment within three business days of the due date constitutes a default and triggers Plaintiff's right to recover all unpaid monthly payments. *Id.* at 4 of 8 ¶¶ 18–19. Concurrently with the execution of the

1

equipment financing agreement, Andrade, the sole member of Vian Transportation, personally guaranteed the payments due under the equipment financing agreement. *Id.* at 8 of 8. Though Defendants are based in Texas, both contracts specify that the parties consent to jurisdiction in California and that the agreements are governed by California law. *Id.* at 6 of 8 ¶¶ 29–30; *id.* at 8 of 8. Plaintiff also alleges that the transactions occurred in California. Dkt. No. 1 ¶ 11.

In April 2024, Vian Transportation defaulted when it failed to make its monthly payment. Dkt. No. 1 ¶ 16. Plaintiff demanded that Andrade fulfill his guaranty obligations, but Andrade failed to make the payments required under the equipment financing agreement. *Id.* ¶ 25. Forty four of the 60 monthly payments remain unpaid, totaling $101,439.36. Dkt. No. 19-1 ¶ 6.

On June 20, 2024, Plaintiff brought this action for breach of the equipment financing agreement and breach of Andrade's personal guaranty. After Defendants failed to respond to the complaint, the clerk's office entered default against them. Dkt. No. 17. Plaintiff now seeks a default judgment for the outstanding balance owed on the loan, along with prejudgment interest, costs, and attorney's fees. Dkt. No. 19. Defendants have not filed an opposition.

## II.

Before a court may rule on a motion for default judgment, it must first determine whether the motion complies with Federal Rule of Civil Procedure 55 and Local Rule 55-1. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The application must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Civil Relief Act (50 U.S.C. § 3931) does not apply; and (5) that notice of the application for default judgment has been served on the defaulting party (if required). *Id.*

Once these procedural requirements are met, a district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factual allegations—other than those relating to the damages amount—are considered admitted upon default. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Ninth Circuit has identified seven factors courts may consider when exercising this discretion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's

substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III.

#### A.

Plaintiff's motion satisfies the procedural requirements for default judgment. Defendants were served with the complaint and summons, Dkt. Nos. 9–10, and the clerk entered default against them after they failed to respond to the complaint, Dkt. No. 17. Plaintiff's moving papers contain the information required by both the Local Rules and the Federal Rules of Civil Procedure; Defendants are not minors, incompetent persons, or subject to the Servicemembers Civil Relief Act. Dkt. No. 19-2 ¶ 4. Defendants have been served with the motion for default judgment. Dkt. No. 19-4.

The *Eitel* factors support entry of a default judgment: (1) Plaintiff would be prejudiced absent a default judgment because it cannot otherwise obtain relief; (2) Plaintiff's claims appear to be meritorious (as discussed in greater depth below); (3) the complaint adequately pleads plausible claims against Defendants; (4) the amount of money Plaintiff seeks—slightly over $100,000—represents only the sum owed under the equipment financing agreement plus prejudgment interest, attorney's fees, and costs; (5) Defendants have made no attempt to defend this case, and the undisputed allegations are accepted as true; (6) there is no basis to believe that Defendants' default results from excusable neglect; and (7) Defendants' failure to appear or respond makes deciding the case on the merits impractical.

Only the second and third *Eitel* factors, which turn on the merits of a plaintiff's substantive claims and the sufficiency of the complaint, warrant further explanation. Courts typically evaluate these factors together, looking to whether the plaintiff has stated a claim on which the plaintiff may recover. *PepsiCo*, 238 F. Supp. 2d at 1175. The complaint sufficiently states claims for breaches of the equipment financing agreement and Andrade's personal guaranty. Under California law, breach of contract requires: (1) the existence of a contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

3

Taking the facts in the complaint as true, Vian Transportation and Plaintiff entered into the equipment financing agreement, and Andrade personally guaranteed the then-existing and future payments due to Plaintiff. Dkt. No. 1 ¶¶ 15, 23. These agreements appear to be valid contracts. Under the equipment financing agreement, Plaintiff loaned $94,872.28 to Vian Transportation, and Vian Transportation agreed to make 60 monthly payments of $2,305.44 each to Plaintiff. *Id.* ¶¶ 15, 18, 24. Vian Transportation failed to make its monthly payment in April 2024, which constituted a default under the agreement. *Id.* ¶ 16. At that time, Vian Transportation still owed 44 monthly payments to Plaintiff, which totaled $101,439.36. *Id.* ¶¶ 16–17. After Vian Transportation's default, Andrade failed to make the payments as required under the guaranty agreement. *Id.* ¶ 25. As a result of Defendants' breaches, Plaintiff has not received the remaining payments due under the equipment financing agreement. The second and third *Eitel* factors—like the others—therefore weigh in favor of default judgment.

B.

The Court next turns to Plaintiff's requested relief. Plaintiff requests that the Court award (1) $101,439.36 in damages, (2) $4,224.08 in prejudgment interest, (3) $5,628.78 in attorney's fees, and (4) $603.00 in costs. This relief is requested in the complaint. Dkt. No. 1 at 6; *see* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

1.

The Court finds that an award of $101,439.36 in damages is warranted. Under the equipment financing agreement, failure to make a payment within three business days of the due date constitutes a default. Dkt. No. 1-1 at 4 of 8 ¶ 18. Upon an occurrence of default, the agreement provides that Plaintiff may recover all unpaid monthly payments. *Id.* at 8 ¶ 19. Plaintiff has submitted evidence that Vian Transportation's last payment was made on March 19, 2024, and that 44 payments of $2,305.44 remain unpaid, totaling $101,439.36. Dkt. No. 19-1 ¶ 6. Additionally, Plaintiff specifically prayed for $101,439.36 in damages in its complaint. Dkt. No. 1 at 6. Because Plaintiff has substantiated its claim for

4

damages and demanded such relief in its complaint, the Court awards the requested $101,439.36 in damages.

2.

The Court concludes that Plaintiff is entitled to prejudgment interest but disagrees with Plaintiff's calculation. Plaintiff has calculated prejudgment interest at a 10 percent rate per annum from April 15, 2024, the date Vian Transportation failed to make its monthly payment, to September 6, 2024, the date of the entry of judgment. Dkt. No. 19-2 ¶ 5.

Plaintiff is entitled to interest at a 10 percent rate. Under California law, "[i]f a contract entered into after January 1, 1986 does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b); *see Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992) ("In diversity jurisdiction, state law governs all awards of pre-judgment interest.").

However, Plaintiff is only entitled to prejudgment interest beginning on April 19, 2024. California law provides that a "person who is entitled to recover damages certain" can recover interest from the day the "right to recover is vested." Cal. Civ. Code § 3287(a). Though Vian Transportation's payment was due on April 15, the equipment financing agreement provides that default occurs if the debtor fails to make payment *within three business days*. Dkt. No. 1-1 at 4 of 8 ¶ 18. Therefore, Vian Transportation was in default beginning on April 19, 2024, after the three-day period had passed. At a rate of 10 percent per annum, the daily rate of interest on the $101,439.36 owed is $27.79. *Accord* Dkt. No. 19-2 ¶ 5 (calculating daily rate of interest at $27.79 per day). Plaintiff is entitled to prejudgment interest for 141 days, from April 19, 2024 to September 6, 2024, which totals $3,918.39.

3.

The equipment licensing agreement and Andrade's personal guarantee permit Plaintiff to recover reasonable attorney's fees and costs incurred to enforce the agreements. Dkt. No. 1-1 at 5 of 8 ¶ 20; *id*. at 8 of 8. Local Rule 55-3, on which Plaintiff relies, provides a fixed schedule for calculating attorney's fees when a contract provides for the recovery of such fees. For judgments over $100,000, the schedule provides for attorney's fees totaling $5,600 plus two percent of the amount over $100,000. As explained above, Plaintiff is entitled to

$101,439.36 in damages. Applying the formula in Local Rule 55-3, Plaintiff is therefore entitled to its requested award of $5,628.78 in attorney's fees.[1]

4.

Finally, the Court grants Plaintiff's request for $603 in costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Both agreements at issue provide that Defendants shall pay for expenses incurred in enforcing the agreements. Dkt. No. 1-1 at 5 of 8 ¶ 20; *id*. at 8 of 8. Plaintiff has also provided documentation that it paid a $405 filing fee and $198 in service of process fees. Dkt. No. 19-2 Ex. E. The Court finds that Plaintiff has provided a sufficient accounting of costs and that such costs are reasonable.

IV.

The Court grants Plaintiff's motion for default judgment, with a minor adjustment to the interest calculation. Plaintiff is entitled to recover from Defendants, jointly and severally, the sum of $111,589.53 (comprising $101,439.36 in damages, $3,918.39 in prejudgment interest, $5,628.78 in attorney's fees, and $603.00 in costs).

A final judgment will be entered separately.

Date: September 6, 2024

                                              Stanley Blumenfeld, Jr.
                                              United States District Judge

---

[1] The amount of the judgment used to calculate attorney's fees under Local Rule 55-3 may include prejudgment interest. Local Rule 55-3 ("This schedule shall be applied to the amount of the judgment exclusive of *costs*.") (emphasis added); *see also Beacon Sales Acquisition, Inc. v. Solar Power Pros., Inc.*, No. 19-CV-1485 PA, 2019 WL 4138654, at *3 (C.D. Cal. May 13, 2019) (including interest in Local Rule 55-3 calculation). However, because Plaintiff has not included prejudgment interest in its calculation, the Court declines to do so.